*293 OPINION.
Lansdon:
The petitioner claims that the tAVO leases dated April 29, 1916, and July 24, 1916, involved in this proceeding, had a fair market or bonus value at date of acquisition by it (December 6,1916) of $80,623.06, or about $30,000 in excess of the actual expense of Messrs. HoAvard and Wimberly in getting the leased premises vacated and remodeling the same into a motion picture theatre. An inspection of the rigid terms of the leases and a consideration of the incomplete evidence adduced by the petitioner on the question of their fair market value on December 6, 1916, convince this Board that the petitioner has not established that said leases had any value on the date of their acquisition in excess of $50,298.47, the cost of the improvements upon which the parties have stipulated that the petitioner is entitled to deduction for exhaustion in the amount of $5,869.18. The action of the respondent is, therefore, approved as to this phase of the petitioner’s appeal.
The respondent Avas in error in including in the petitioner’s gross income the profits of the Macon Photo Play Theatres Co. distributed *294 by it to its own incorporators and shareholders. The Macon Company leased the Capitol Theatre from the petitioner by an oral lease, paying to the latter a net rental of $1,500 per month. These rental payments represented the only gross income of the petitioner for the eight-month period January 1 to August 31, 1920. The petitioner’s taxable net income for the four-month period September 1 to December 31, 1920, as set forth in the deficiency notice forming the basis of this proceeding, was $1,549.70. Other deductions which are allowed the petitioner in the deficiency notice, and are not the subject of dispute, total $1,530.52. The taxable net income of the petitioner should be recomputed in conformity with the findings of fact and the opinion herein above expressed.
Judgment will be entered on 10 days’ notice, under Rule SO.
Considered by Sterniiagen, Green, AND Arundell.